UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-24485-CIV-GRAHAM/GOODMAN

JUAN FRANCISCO LANDAETA,

    Plaintiff,

v.

CENTURY GRAND I, LLLP,

    Defendant.

_____

**ORDER ON DISCOVERY HEARING**

This cause is before me on Plaintiff's Notice of Hearing. (DE# 44.) In response to this notice, the Court held a discovery hearing on September 2, 2011. (DE# 53.) Plaintiff moved at the hearing to compel better or more complete responses to Plaintiff's First Request for Production numbers 5, 6, 7, and 8. After reviewing the filings and considering the parties' oral argument at the hearing, the Court rules as follows:

    **I.    Plaintiff's Request for Production Number 5**

Plaintiff's motion to compel is denied. Defense counsel affirmatively stated on the record that no unproduced responsive documents exist.

    **II.    Plaintiff's Request for Production Numbers 6 and 7**

Plaintiff's motion to compel is granted to the extent that Defendant must produce responsive documents regarding transactions with other customers also involving a currency conversion scenario by September 23, 2011. Defendant may redact personal information, such as the names of other buyers not involved in this case, but may not redact substantial, substantive information about transactions. If Plaintiff can more convincingly show why he needs any

personal identifying information about other customers, then Plaintiff may at that time notice another discovery hearing to revisit the issue.

### III.     Plaintiff's Request for Production Number 8

Plaintiff's motion is granted in part with the following limitations. Defendant shall produce the requested settlement agreements by September 23, 2011. Settlement agreements are discoverable just like any other type of agreement. *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *3 (S.D. Fla. May 22, 2007). Litigants cannot immunize otherwise discoverable documents from discovery simply by privately and unilaterally declaring them confidential. Plaintiff, however, must treat any settlement agreements as confidential and use them <u>solely</u> in this litigation. Plaintiff must not allow any produced settlement agreements to be used in any other litigation, even if Plaintiff's lawyer represents other, similarly situated buyers.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 6th day of September, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald Graham

All counsel of record